**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHERYL A. TRACY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-1892 (UNA) |
| GEORGE KAROS, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis*, her *pro se* civil complaint, and motion to appoint counsel. The application will be granted, the complaint will be dismissed, and the motion to appoint counsel will be denied as moot.

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Cheryl A. Tracy, a District of Columbia citizen, Compl. ¶ II.B.1., brings this action against the Mayor and Chief of Police of Martinsburg, West Virginia, *id.* ¶ II.B.2., for "[n]egligence causing . . . [f]urther deterioration of properties," *id.* ¶ III. Tracy demands "$200,000 in Punitive Damages for negligence and further property damages," *id.* ¶ II.B.C., or "$100,000 from each defendant," *id.* ¶ IV. It is not entirely clear that plaintiff has alleged that $75,000 is in controversy, but even if she has properly invoked the Court's jurisdiction under 28 U.S.C. § 1332(a), there are no factual allegations to support a negligence claim. Tracy neither identifies the property at issue nor the duty the defendants owed her, the breach of which caused unspecified damage to the property. As drafted the complaint fails to put the defendants on notice of the claim Tracy asserts against them. Its failure to comply with Rule 8(a) warrants its dismissal without prejudice.

An Order is issued separately.

DATE: July 30, 2019

_____
United States District Judge